MAXIMILIANO D. COUVILLIER III, ESQ.
Nevada Bar No.: 7661
KEVIN L. HERNANDEZ, ESQ.
Nevada Bar No.: 12594
**BLACK & LOBELLO**
10777 West Twain Avenue, Third Floor
Las Vegas, Nevada  89135
Telephone:  (702) 869-8801
Facsimile:  (702) 869-2669
mcouvillier@blacklobellolaw.com
khernandez@blacklobellolaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA SCARPA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC., a foreign corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION, LLC, a foreign limited liability company; NAVIENT SOLUTIONS, INC. fka SALLIE MAE, INC., a foreign corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff, Christina Scarpa ("Plaintiff"), by and through her attorneys of record, Maximiliano D. Couvillier III, Esq. and Kevin L. Hernandez, Esq. of the law firm of Black & LoBello, and for her claims for relief against Defendants, Equifax, Inc., Experian Information Solutions, Inc., Trans Union, LLC, and Navient Solutions, Inc. fka Sallie Mae, Inc. ("Defendants"), complains and alleges as follows:

## **JURISDICTION AND VENUE**

1. This action arises under Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. ("FCRA").

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff

and Defendants reside and/or do business in the District of Nevada.  Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4. Plaintiff is an adult individual who resides in the State of Nevada.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. On information and belief, Defendant Equifax, Inc. ("Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

6. On information and belief, Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d).  Equifax disburses said consumer reports to third parties under contract for monetary compensation.

7. On information and belief, Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

8. On information and belief, Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d).  Experian disburses said consumer reports to third parties under contract for monetary compensation.

9. On information and belief, Defendant Trans Union, LLC (hereinafter "Trans Union") is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f).

10. On information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(d).  Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

11. On information and belief, Defendant Navient Solutions, Inc. fka Sallie Mae, Inc. ("Navient") is duly licensed to conduct business in the State of Nevada.

12. On information and belief, Defendant Navient is a "furnisher" of information as that term is defined by 15 U.S.C. § 1681, *et. seq.*

## **FACTUAL ALLEGATIONS**

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

14. On or about June of 2014, Plaintiff obtained a copy of her credit report and became aware that Navient's reporting contained inaccuracies and false information, including but not limited to:

- Experian, Trans Union, and Equifax each incorrectly report multiple erroneous 120-day derogatory marks on multiple Navient loans.

15. Thereafter, Plaintiff disputed the accuracy of the information furnished by Navient to Equifax, Experian, and Trans Union.

16. Equifax, Experian, and Trans Union each failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's dispute.

17. Upon Plaintiff's dispute of the inaccurate information, Equifax, Experian, and Trans Union each failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit report.

18. In the alternative, Equifax, Experian, and Trans Union each failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

19. Moreover, Navient was required to report the results of its investigation to the credit reporting agencies.

20. Navient was likewise required to delete and permanently block the incorrect reporting of its account from Plaintiff's credit profile.

21. In failing to correct or delete Plaintiff's tradeline, Navient continued to report inaccurate information in violation of the FCRA.

22. In failing to revise or delete Plaintiff's tradeline, Navient provided misleading information on Plaintiff's credit report.

23. The acts and omissions of Defendants, and the other persons or entities employed as agents by Defendants, were committed within the time and space limits of their agency relationship with their principal.

24. The acts and omissions by Defendants, and the other persons or entities referenced herein, were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendants.

25. By committing these acts and omissions against Plaintiff, Defendants and these other persons or entities were motivated to benefit their principal.

26. Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Equifax, Experian, and Trans Union]**

27. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

28. Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files each agency publishes and maintains concerning Plaintiff.

29. As a result of this conduct, action, and inaction of Equifax, Experian, and Trans Union, Plaintiff suffered, and continues to suffer, damages by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

30. Equifax, Experian, and Trans Union's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

31.     As a result of the above-referenced violations by Defendants, Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

32.     Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

33.     Plaintiff is informed and believes and therefore alleges that Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified herein.  Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violation of 15 U.S.C. § 1681i against Equifax, Experian, and Trans Union]**

34.     Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

35.     Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i by failing to delete the aforementioned inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Navient, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has reason to know is unreliable.

36.     As a direct and proximate result of this conduct by Equifax, Experian, and Trans Union, Plaintiff suffered, and continues to suffer, damages by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

37.     Equifax, Experian, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

38.     Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

### THIRD CLAIM FOR RELIEF

**[Violations of the 15 U.S.C. § 1681s-2(b) against Navient]**

39.     Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

40.     Navient violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with Equifax, Experian, and Trans Union; by failing to properly investigate Plaintiff's dispute; by failing to review all relevant information regarding the same; by failing to accurately respond to the aforementioned credit reporting agencies in an accurate manner; by failing to correctly report results on Plaintiff's credit file; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

41.     As a direct and proximate result of this conduct alleged herein, Plaintiff suffered, and continues to suffer, damages by loss of credit, loss of ability to purchase and benefit from credit, and the mental, emotional pain, anguish, humiliation, and embarrassment of credit denials.

42.     Navient's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits pursuant to 15 U.S.C. § 1681n. In the alternative, Navient was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

43.     As a result of Navient's violations, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

44.     Plaintiff is entitled to recover costs and attorney's fees from Navient in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

45.     Plaintiff is informed and believes and therefore alleges that Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

specified herein.  Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

DATED this 29th day of April, 2015.            **BLACK & LOBELLO**

 */s/ Kevin L. Hernandez*            .
MAXIMILIANO D. COUVILLIER III, ESQ.
Nevada Bar No.: 7661
KEVIN L. HERNANDEZ, ESQ.
Nevada Bar No. 12594
10777 W. Twain Avenue, Third Fl.
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801  FAX: (702) 869-2669