ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:	(702) 634-5000
Facsimile:	(702) 380-8572
Email: ariel.stern@akerman.com
Email: matthew.knepper@akerman.com

*Attorneys for Navient Solutions, Inc. f/k/a Sallie Mae, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA SCARPA, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX, INC., a foreign corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION, LLC, a foreign limited liability company; NAVIENT SOLUTIONS, INC. fka SALLIE MAE, INC., a foreign corporation;<br><br>　　　　　　　Defendants. | Case No.: 2:15-cv-00807-APG-NJK<br><br>**NAVIENT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Navient Solutions, Inc. f/k/a Sallie Mae, Inc. (**Defendant** or **Navient**) by and through its undersigned counsel, answers plaintiff Christina Scarpa's (**Plaintiff**) complaint as follows:

**JURISDICTION AND VENUE**

1.　Defendant admits Plaintiff alleges Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Defendant denies that it engaged in violations of the FCRA and denies the remaining allegations in paragraph 1.

2.　Admit.

3.　Admit upon information and belief.

{35339259;1}

**PARTIES**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 4, and therefore, denies the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 5, and therefore, denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 6, and therefore, denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 7, and therefore, denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 8, and therefore, denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 9, and therefore, denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 10, and therefore, denies the same.

11. Defendant admits it conducts business in the state of Nevada and is duly authorized to do so.

12. Admit.

**FACTUAL ALLEGATIONS**

13. Defendant incorporates by reference paragraphs 1 through 12 as if fully set forth herein.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

18. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

19. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph alleges Navient violated its duties, such allegation is denied.

20. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph alleges Navient violated its duties, such allegation is denied.

21. Deny.

22. Deny.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

26. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Equifax, Experian, and Trans Union]**

27. Defendant incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

29. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

30. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

31. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

32. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

33. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

**SECOND CLAIM FOR RELIEF**

**[Violations of 15 U.S.C. § 1681i against Equifax, Experian, and Trans Union]**

34. Defendant incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

36. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

37. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

38. This paragraph states allegations against defendants other than Navient, thus no response is required. To the extent a response is required, Navient states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and, therefore, denies the same.

### THIRD CLAIM FOR RELIEF

**[Violations of the 15 U S.C. § 1681s-2(b) against Navient]**

39. Defendant incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. Deny.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 41, and therefore, denies the same.

42. Deny.

43. Deny.

44. Deny.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 41, and therefore, denies the same.

### FIRST AFFIRMATIVE DEFENSE

1. The complaint, and each and every cause of action alleged in the complaint, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

{35339259;1}                                                            5

2. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or other equitable principles.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has no cause of action for violations of the FCRA because Defendant's reporting of Plaintiff's debt was not inaccurate or incomplete.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is not entitled to any recovery because any alleged acts or omissions were made by defendant in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to the class of entities to which Defendant belongs.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Defendant is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-Defendant parties, persons and entities, or the agents, servants and employees of such non-Defendant parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or her agents, and not any act or omission on the part of Defendant.

### NINTH AFFIRMATIVE DEFENSE

9. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

**WHEREFORE,** Defendant prays for judgment against Plaintiff as follows:

1. The complaint be dismissed as against Defendant;
2. Plaintiff's prayers for relief, and each and every one of them, be denied;
3. Judgment be entered in favor of Defendant;
4. Defendant be awarded its costs and attorneys' fees—if allowable—in this action; and
5. Defendant be awarded such other relief as the Court deems proper.

DATED this 4th day of August, 2015.

**AKERMAN LLP**

/s/ Matthew I. Knepper
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Navient Solutions, Inc. f/k/a Sallie Mae, Inc.*

{35339259;1}                                7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of August, 2015 and pursuant to FRCP 5(b), I served through the CM/ECF electronic filing system and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **NAVIENT SOLUTIONS, INC.'S ANSWER TO COMPLAINT**, postage prepaid and addressed to:

KEVIN HERNANDEZ, ESQ.
MAXIMILIANO D. COUVILLIER, III
Black & LoBello
10777 West Twain Ave., Third Fl.
Las Vegas, NV  89135
khernandez@blacklobellolaw.com
mcouvillier@blacklobellolaw.com
*Attorneys for Plaintiff*

/s/ Matthew Knepper
An employee of AKERMAN LLP

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572